UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARK DWAYNE BRYANT,

                Petitioner,

                                     CASE NO. 05-CV-72985-DT
v.                                 HONORABLE BERNARD A. FRIEDMAN

BLAINE LAFLER,

                Respondent.

_____/


**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.      Introduction**

Mark Dwayne Bryant ("Petitioner"), a state prisoner presently confined at the St. Louis

Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus

challenging his first-degree criminal sexual conduct conviction which was imposed following a

jury trial in the Jackson County Circuit Court in 2002.  Petitioner was sentenced as a second

habitual offender to life imprisonment.  Petitioner's sole claim upon habeas review is a challenge

to the admission of other acts evidence.  For the reasons set forth below, the Court denies the

petition for writ of habeas corpus.  The Court also denies a certificate of appealability and leave

to proceed on appeal *in forma pauperis*.

**II.     Facts and Procedural History**

Petitioner's conviction arises from his sexual assault upon a 10-year-old girl.  At trial, the

victim testified that Petitioner assaulted her during a period of time when he was performing

electrical work for her father at their home.  On one occasion, Petitioner put his head under the

victim's shirt and put his mouth on her breasts while they were alone in the basement.  On

another occasion, Petitioner performed oral sex on the victim, rubbed against her, and ejaculated

on her stomach while they were alone in a bedroom.  Petitioner's two daughters also testified at

trial, describing how Petitioner had molested them during a five-year period when they were

young girls.  Petitioner was on parole for those offenses at the time of the instant offense.

Petitioner's defense was that the incident was fabricated by the victim's parents to avoid paying

him for electrical work.

At the close of trial, the jury convicted Petitioner of first-degree criminal sexual conduct

(child under 13).  The trial court subsequently sentenced him as a second habitual offender to a

term of life imprisonment.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of

Appeals raising the other acts evidence claim, as well as a sentencing claim.  The Court of

Appeals affirmed Petitioner's conviction and sentence.  *People v. Bryant*, No. 245449, 2004 WL

345489 (Mich. Ct. App. Feb. 24, 2004) (unpublished).  Petitioner then filed an application for

leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Bryant*, 471

Mich. 871, 685 N.W.2d 668 (2004).

Petitioner thereafter filed the present habeas petition, asserting that the admission of the

other acts evidence denied him due process and a fair trial.  Respondent has filed an answer to

the petition asserting that it should be denied for lack of merit.

**III.    Analysis**

**A.    Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his

2

habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable
>          application of, clearly established Federal law, as determined by the
>          Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination
>          of the facts in light of the evidence presented in the State court
>          proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S.

12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see

also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of §

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the

correct governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a

federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the

state court's decision must have been more than incorrect or erroneous. The state court's

application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations

omitted); *see also Williams*, 529 U.S. at 409.

3

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B.    Other Acts Evidence Claim

Petitioner asserts that he is entitled to habeas relief because the trial court erred in admitting other acts evidence of his prior sexual assaults upon his daughters. Respondent contends that this claim lacks merit.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.

2003); *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).  The United States Supreme

Court has declined to hold that similar "other acts" evidence is so extremely unfair that its

admission violates fundamental conceptions of justice.  *See Dowling v. United States*, 493 U.S.

342, 352-53 (1990).[1]  Thus, "[t]here is no clearly established Supreme Court precedent which

holds that a state violates due process by permitting propensity evidence in the form of other

bad acts evidence."  *Bugh*, 329 F.3d 496, 512 (6th Cir. 2003).  Consequently, there is no

Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28

U.S.C. § 2254(d)(1).  *Id.* at 513; *see also Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich.

2003).  Petitioner's claim must fail.

Furthermore, even if Petitioner states a cognizable claim, he is not entitled to relief in

this case.  The Michigan Court of Appeals upheld the trial court's determination that the

disputed evidence was properly admitted because it was evidence of Petitioner's scheme, plan

or system.  The Court of Appeals also found that the probative value of the evidence was not

substantially outweighed by its prejudicial effect.  The Court of Appeals further noted that the

trial court lessened the risk of unfair prejudice by repeatedly instructing the jury about the

proper use of the challenged testimony.  *See Bryant*, 2004 WL 345489 at *1-3.

The Michigan Court of Appeals' decision is neither contrary to United States Supreme

Court precedent nor an unreasonable application of federal law.  The disputed evidence was

properly admitted under Michigan law to establish a common scheme, plan, or system.  The

prosecutor did not make a character or propensity argument and the trial court issued cautionary

---

[1]While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

instructions to the jury about the proper consideration of the other acts evidence.  Petitioner has not shown that the admission of the evidence regarding his prior conduct rendered his trial fundamentally unfair.  He is thus not entitled to habeas relief on this claim.

## IV.      Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claim presented in his petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

6

For the reasons stated *supra*, this Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claim.  No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


_____s/Bernard A. Friedman _____
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

DATED: ___March 31, 2006

7